IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IRENE TILLMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-12-1072 |
| | § | |
| MEMORIAL HERMANN HOSPITAL | § | |
| SYSTEM d/b/a MEMORIAL HERMANN | § | |
| SOUTHWEST HOSPITAL, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending in this case that was removed from state court is Defendant's Motion for Summary Judgment (Document No. 6). Having considered the motion, the response in opposition, the summary judgment evidence and the applicable law, the Court ORDERS,[1] for the reasons set forth below, Defendant's Motion for Summary Judgment (Document No. 6) is GRANTED as to Plaintiff's Pregnancy Discrimination Act claim, supplemental jurisdiction over the state law claim(s) is DECLINED, and the state law claim(s) are REMANDED to state court.


## I.      Background and Procedural History

This case is essentially a workplace negligence action, based on Plaintiff's allegations that she was injured on-the-job while lifting a patient. The case was filed in state court on July 2, 2010. Defendant filed a counterclaim for breach of contract, based on a release Plaintiff signed. In a First Amended Petition filed in state court nearly two years later (on April 2, 2012), Plaintiff made

---

[1] On September 5, 2012, based on the parties' consent, the case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. Document No. 13.

reference, for the fist time, to a claim under the Pregnancy Discrimination Act. Plaintiff alleged as follows in her First Amended Petition:

> Plaintiff would further show that Defendant violated the Pregnancy Discrimination Act. Plaintiff has reason to believe that Defendant had procedures and policies in place prior to the incident that made the basis of this suit that would have required Defendant to accommodate to Plaintiff's condition. These potential accommodation[s] would have required defendant to treat Plaintiff as a temporally disabled employee, thus requiring Defendant to place Plaintiff on light duty. Had Plaintiff been placed on light duty, she would not have suffered serious and permanent injury.

Plaintiff's First Amended Petition, Exhibit "C" to Defendant's Notice of Removal (Document No. 1). Defendant timely removed the case to this Court based on Plaintiff's assertion of a federal claim. Defendant then filed a prompt Motion for Summary Judgment (Document No. 6), seeking summary judgment on Plaintiff's negligence claims and her Pregnancy Discrimination Act claim.

## II.    Standard of Review

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party must initially "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). Once the moving party meets its burden,[2] the burden shifts to the nonmovant, "who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists that summary judgment should not be granted." *Norwegian Bulk Transport A/S v. Int'l Marine Terminals P'ship*,

---

[2] Where "the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transport A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008).

520 F.3d 409, 412 (5th Cir. 2008); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  *Celotex*, 106 S. Ct. at 2548.  Instead, "the nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris*, 144 F.3d at 380.

In considering a motion for summary judgment, all reasonable inferences to be drawn from both the evidence and undisputed facts are to be viewed in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986).  "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper.  *Kelley v. Price- Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993) (citing *Matsushita*, 106 S. Ct. at 1351).  On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." *Id.*  Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. at 2505, 2513 (1986).


**III.    Discussion**

Under Title VII, employers cannot discriminate against their employees based on their sex. 42 U.S.C. § 2000e.  The Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), made it clear that discrimination based on sex included discrimination related to "pregnancy, childbirth, or related medical conditions."  Thus, Pregnancy Discrimination Act, "prohibits employers from discriminating

3

against a female employee on the basis of the employee's pregnancy." *Adcock v. Sunquest Properties, Inc.*, 421 Fed. Appx. 446, 448 (5th Cir. 2011).

As with other federal employment discrimination claims, the plaintiff asserting a claim under the Pregnancy Discrimination Act is first required to make out a prima facie case of discrimination by showing that: (1) she was a member of a protected class; (2) she was qualified for the position she sought or lost; (3) she suffered an adverse employment action; and (4) other similarly situated employees were more favorably treated. *Adcock*, 421 Fed. Appx. at 448; *Laxton v. Gap, Inc.*, 333 F.3d 575, 578 (5th Cir. 2003) ("A claim under the PDA is analyzed like any other Title VII discrimination claim."). Once that prima facie showing is made, the burden shifts to the employer to provide a non-discrimination reason for the adverse employment decision. *Laxton*, 333 F.3d at 578. Once a non-discriminatory reason is proffered, it is up to the plaintiff to "produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination." *Id.*

Here, Defendant argues that there is no evidence to support a prima facie case of discrimination. In particular, Defendant argues that there is no evidence, in any form, that Plaintiff suffered an adverse employment action or was treated less favorably than Defendant's non-pregnant employees.

Plaintiff has not substantively responded to Defendant's Motion for Summary Judgment on her Pregnancy Discrimination claim. Instead, Plaintiff states that on April 5, 2012, three days after she filed her First Amended Petition in state court, her counsel represented at a state court hearing that Plaintiff would "amend her petition to omit the cause of action under the Pregnancy

Discrimination Act."  On April 9, 2012, before such an amendment could be filed, Defendant removed the case to this Court.

There is no summary judgment evidence to support a prima facie case of pregnancy discrimination.  Given that absence of evidence, and Plaintiff's counsel's representation that Plaintiff intended to omit such a claim, summary judgment in Defendant's favor is warranted on the Pregnancy Discrimination Act claim.  That leaves in this case only Plaintiff's state law negligence claims and Defendant's state law breach of contract counterclaim.

In such a situation, where no federal claim remains, the Court has ample discretion to decline supplemental jurisdiction over the state law claims.  In fact, "[t]he 'general rule' is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are eliminated from a case before trial."  *Oliver v. Lewis*, ___ F.Supp.2d ___, 2012 WL 3779909 (S.D. Tex. 2012) (citing *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)).  28 U.S.C. § 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> (1)  the claim raises a novel or complex issue of State law,
>
> (2) the claim substantively predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In determining whether to exercise or decline supplemental jurisdiction over state law claims, both the factors listed in § 1367(c), and common-law factors of "judicial economy, convenience,

fairness and comity" are to be considered. *Enoch v. Lampasas County*, 641 F.3d 155, 159 (5th Cir. 2011). Forum manipulation may also be considered. *Id.* at 160. When a case has been removed from state court, state law claims over which the court declines to exercise supplemental jurisdiction may be remanded, as opposed to dismissed. *Id.*

Here, given that Defendants are entitled to summary judgment on Plaintiff's Pregnancy Discrimination Act claim, the only claims remaining in this case are state law claims. § 1367(c)(3). In addition, Plaintiff's state law negligence claims and Defendant's state law breach of contract claim have always predominated over the discrimination claim. § 1367(c)(2). With respect to the common law factors of judicial economy, convenience, fairness and comity, the parties' submissions show that this case was pending in state court for nearly two years prior to its removal, the state trial court had already denied a motion for summary judgment filed by defendant, and the case was set for trial on June 4, 2012. Under those circumstances, judicial economy, convenience, fairness and comity all weigh in favor of declining supplemental jurisdiction over the state law claims. In addition, given Defendant's removal at a time when Plaintiff had expressed an intent to omit the Pregnancy Discrimination Act, the factor of forum manipulation also weighs in favor of remand. In all, there is no common-law interest in resolving the state law claims in this federal forum.

## IV.   Conclusion and Order

Based on the foregoing, the determination that Plaintiff has not come forth with any summary judgment evidence to support a prima facie claim of pregnancy discrimination, it is

ORDERED that Defendant's Motion for Summary Judgment (Document No. 6) is GRANTED in PART and summary judgment is GRANTED in Defendant's favor on Plaintiff's Pregnancy Discrimination Act claim.  It is further

ORDERED that the Court, pursuant to 28 U.S.C. § 1367(c), declines to exercise supplemental jurisdiction over the remaining state law claims, and this case is REMANDED to the 127th District Court of Harris County, Texas.

Signed at Houston, Texas, this 22nd  day of October, 2012.


Frances H. Stacy
United States Magistrate Judge